IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN LOUIS CLARK, | : | No. 4:CV-05-0031 |
| Petitioner, | : | Petition filed 01/06/05 |
| v. | : | |
| WARDEN JOSEPH V. SMITH, | : | (Judge Muir) |
| Respondent | : | (Magistrate Judge Mannion) |

<u>ORDER</u>

November 16, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 6, 2005, Petitioner Brian Louis Clark, an inmate at the United States Penitentiary at Allenwood, in White Deer, Pennsylvania, initiated this action by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241.  He is proceeding pro se and in forma pauperis.  Clark alleges that his due process rights were violated as a result of the manner in which he was found guilty in prison disciplinary proceedings of the following offenses: destruction of government property (on two separate occasion), threatening a staff member, and assault.  The sole respondent is the warden of the United States Penitentiary at Allenwood.

The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge Malachy E. Mannion for preliminary consideration.  On October 21, 2005, Magistrate Judge Mannion issued a report in which he recommends

that Clark's petition be denied because Clark's disciplinary proceedings included all of the required procedures.

The time allowed for the parties to file objections to the Report and Recommendation expired on November 7, 2005, and to this date no objections have been filed. When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

Clark's claims arise from two incident reports. In the first (number 1241808) Clark was charged on July 14, 2004, with destruction of government property for removing strands of threads from the mattresses in his cell. Clark was the only inmate housed in that cell. The second incident report (number 1240678) charged Clark with threatening a staff member, assault, and destruction of government property. According to that report, on July 14, 2004, after a staff member served Clark a tray of food, Clark threw the tray back through the slot in his cell door in an attempt to hit the staff member, Clark ripped his book shelf off the wall of his cell and threw the shelf against the cell door, and yelled "It is on!  I'll get all of you."

Because of Clark's violent and unruly behavior, shortly after the incident involving the food tray five staff members placed Clark in hand and foot restraints and transported him to a holding cell. He was not returned to his housing unit until July

17, 2004.  Clark received notice of incident report number 1240678 on that date.  The following day he received notice of incident report 1241808.

The initial hearing on report number 1240678 was held on July 18, 2004.  The first hearing on report number 1241808 was held on July 29, 2004.  Clark refused to participate in those hearings.  After conducting additional hearings on the incident reports, a Disciplinary Hearing Officer imposed the following sanctions: 1) for the offense concerning the mattress, disallowance of 27 days of good conduct time, 15 days in disciplinary segregation, loss of 60 days of commissary privileges, and the payment of restitution in the amount of $160.00; 2) for threatening a staff member, disallowance of 27 days of good conduct time, 15 days in disciplinary segregation, loss of 90 days of visiting privileges; 3) for the assault, disallowance of 27 days of good conduct time, 15 days in disciplinary segregation, loss of 90 days of telephone privileges; and 4) disallowance of 27 days of good conduct time, 15 days in disciplinary segregation, loss of 90 days of commissary privileges, and the payment of restitution in the amount of $198.16.

Clark's commissary account was frozen until the restitution was paid in full and he was advised of his appeal rights.  He

pursued all of his administrative remedies and the Disciplinary Hearing Officer's conclusions and sentences were upheld.

Based on those facts, Clark challenges the adequacy of the notice he received concerning his hearings, and the sufficiency of the evidence used to discipline him.

In Wolff v. McDonnell, 418 U.S. 539, 563-573 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due process protections in a prison disciplinary proceeding. The Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71.

The Supreme Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or if complex issues are

involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

An additional procedural requirement was set forth in <u>Superintendent, Massachusetts Correctional Institution at Walpole v. Hill</u>, 472 U.S. 445, 453-456 (1985).  In that case, the Court held that there must be "some evidence" which supports the conclusion of the disciplinary tribunal.

Our review of the file confirms Magistrate Mannion's conclusions that 1) the disciplinary hearings at issue in this case provided Clark with all of the procedural requirements set forth in <u>Wolff v. McDonnell</u>, and 2) the Disciplinary Hearing Officer's decisions were based on sufficient evidence existed to discipline Clark, as required by <u>Hill</u>.

Magistrate Judge Mannion's Report and Recommendation is free from error and no objections have been filed to it.  For those reasons we will adopt the Report and Recommendation as our own and deny Clark's habeas corpus petition.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Mannion filed on October 21, 2005, is adopted in toto.
2. Clark's petition for a writ of habeas corpus (Document 1) is denied.
3. The Clerk of Court shall close this case.

4.   Any appeal from this order will be deemed lacking in probable cause and a certificate of appealability will not issue.


                              s/Malcolm Muir
                              MUIR, U.S. District Judge

MM:ga